erty to the amount of $20,000, that the court was not deprived of the right to punish them for the non-disclosure of the facts in the case, because they have stated they have told all they know about it.

I cannot look into this evidence. It is not all before me; I, therefore, cannot say, in this inquiry, whether or not the opinion of the court upon the evidence was well founded. I have to take the conclusion of the court upon that subject, and, if that conclusion was right, I can have no doubt of the authority of the court to make the order which was made. Undoubtedly, wherever it satisfactorily appears that the bankrupts have made a full disclosure, the imprisonment would be unlawful; and if, instead of bringing a writ of habeas corpus, the parties had asked this court to review the decision of the district court upon the evidence before it, then this court could determine whether the conclusion of the district court upon the evidence was correct or not; whether, in other words, it did satisfactorily appear that the bankrupts had not made a full disclosure.

The objection is made that it may be difficult, if not impossible, to satisfy the court; the answer to all which is, that there must be placed, somewhere, a power to judge of this. The law has placed it in the district court, its action, of course, subject to review by this court. There must always be a last resort for the determination of legal questions; and in all litigation the court must be satisfied in order to decide. And so, in this case, whether or not the parties have made a full disclosure, whether or not they are subject to punishment, are questions for the district court in the first instance to decide; and there is no other or greater objection in this case than there is in any other case where questions come up for decision in the course of litigation.

But as I said during the progress of the argument, my desire is to have the parties make a full disclosure of all the facts within their knowledge, if they have not, and I think the case is a little different from the position of an ordinary writ of habeas corpus, and as this is a case under the bankrupt law, that the court may possess more power over the real controversy in this case than exists generally where applications are made for such writs; therefore I shall direct the district court to allow these parties to go before the register, and to be re-examined by him, and to have the register report, as the result, his opinion whether or not, upon all the facts, they have made a full disclosure of what they know.

I think, perhaps, that under ordinary circumstances, the true rule would have been in such a case, where the attachment for contempt was issued, and the parties appeared before the court, for the court itself to examine them, and satisfy itself upon the examination whether or not they had made a full disclosure.

But, as I have said before, I infer that the parties had taken their position and had resolved that they would not say anything more upon the subject, but would stand upon what they considered their reserved rights.

I shall therefore not discharge these parties upon this writ, but refer the case back to the district court with the direction that I have stated; then, if they are dissatisfied with any order which the district court may make, they can bring it for revision to this court.

---

## Case No. 12,255.

### Ex parte SALLEE.

[See Case No. 12,256.]

---

## Case No. 12,256.

### In re SALLEE.

[2 N. B. R. 228 (Quarto, 78); 2 Am. Law T. Rep. Bankr. 7; 1 Gaz. 78.] [1]

### District Court, D. Kentucky. 1868.

BANKRUPTCY—JUDGMENT IN FAVOR OF BANKRUPT —SCHEDULE OF PROPERTY.

1. Where judgment should be set forth in schedule of bankrupt's property.

2. A judgment in favor of a bankrupt should be set forth in Schedule B, No. 2, under letter b. A bankrupt in preparing Schedule B, No. 2, is not restricted to the letters therein printed. He may exhaust the alphabet if he chooses, and then use other marks, if necessary, to describe his personal property accurately or lucidly.

In this case the register, John W. Tuttle, certifies for decision by the court the question "whether a judgment should be set forth on Schedule B, No. 2 or 3." The register expresses the opinion that B, No. 2, letter b, is the proper place, and as the attorney for the bankrupt insisted otherwise, at his request the question is certified for decision. It does not clearly appear, from the certificate, whether the "judgment" referred to is in favor of the bankrupt or against him; but assuming that it is in his favor, I am of the opinion that the register is clearly right.

Judgments are in one sense "choses in action," but in the sense of the Schedule B, No. 2, they are "personal property," and are not "unliquidated claims," within the meaning of Schedule B, No. 3, letter d.

Judgments, therefore, in favor of the bankrupt, should be set forth in Schedule B, No. 2, under letter b. It would also, I think, not be improper to set them forth in that schedule under letter m. The bankrupt, in preparing Schedule B, No. 2, is not restricted to the letters therein printed. He may ex-

---

[1] [Reprinted from 2 N. B. R. 228 (Quarto, 78), by permission. 2 Am. Law T. Rep. Bankr. 7, contains only a partial report.]